[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de DEFENDANT'S MOTION FOR CONTEMPT (#185) ANDPLAINTIFF'S MOTION FOR CONTEMPT (#186)
The defendant has filed a Motion for Contempt dated January 26, 1998 alleging that the plaintiff denied the defendant his visitation for the weekend of 1/23-1/25. The plaintiff has filed a Motion for Contempt dated January 23, 1998 alleging the defendant has failed to remove cat from his place of employment.
By way of background, their nine year old boy suffers from allergies caused by seasonal conditions, cats, certain foods, and tobacco smoke. An allergic reaction is characterized by a runny nose and wheezing as described by the boy's pediatrician, Dr. Kenefir.
On January 3, 1998 the boy was seen by another doctor in the Pediatric Group as a result of displaying allergy induced symptoms, and when the plaintiff called the defendant, who lives in New Jersey, he explained having visited two aunts over the Christmastime visit. He apologized, explaining that he didn't see the cat at one house, and the second aunt had just acquired a cat. Could the father have been more careful? Of course, but the court order is specific, that he not maintain a cat at his place of business. The court is satisfied that he has done so as evidenced by the fact that no incidents occurred from the summer of 1997 until Christmas. The court finds no evidence that the defendant has violated the court order.
The plaintiff brought the child to Dr. Kenefir on January 20, CT Page 2521 which was five or six days after his last previous visit with his father. The plaintiff requested the doctor write a note recommending that Dennis be kept at home the following weekend. The doctor believed there was a medical reason for issuing the note, but the plaintiff failed to explain where the cat exposure might take place.
The defendant visited with the boy on the following day, Wednesday, taking him to dinner and helping the boy with homework. The plaintiff did not advise the defendant of the existence of the note on Wednesday.
The court concludes that the note was obtained to justify the denial of visitation on the following weekend, not to protect the boy, for there was no risk of exposure to a cat while in the company of his father. There is no evidence that either aunt's house was to be revisited. The note was to serve as a shield to prevent the plaintiff from being found in wilful violation of the visitation order. The note was self-serving and obtained from the doctor for a purpose ulterior to the child's welfare.
The court finds the plaintiff in wilful contempt of the visitation order as a result of the aforesaid denial. The court further finds that the plaintiff has produced no credible evidence to support her Motion for Contempt, and it is denied.
The court will hear counsel on an appropriate remedy to insure future compliance by plaintiff with the visitation order when the other pending motions are ruled upon.
HARRIGAN, J.